**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 17-cv-00830-CMA-KMT

JERRY BLAIR,

      Plaintiff,

v.

RICK RAEMISCH, Executive director C.D.O.C.,
STEVEN OWENS, CSP Warden,
CPT. RICHARD, CSP Kitchen Supervisor,
OFFRELIG, Creator of Religious Menue, C.D.O.C.,
CHARLEEN CROCKETT, Food Service Administrator,
CAPT. PHIPPS, SCF Kitchen Supervisor, and
CANTEEN REVIEW COMMITTEE, C.C.I.,

      Defendants.

_____

**ORDER ADOPTING IN PART AND REJECTING IN PART THE RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE KATHLEEN M. TAFOYA**
_____

      This matter is before the Court on the Recommendation of Magistrate Judge

Tafoya, wherein she recommends that this Court grant Defendants' Motion to Dismiss

Plaintiff's federal and state claims. (Doc. ## 19, 54.) This Court adopted in part and

rejected in part the Recommendation on August 16, 2018. (Doc. # 55.) Later that day,

Plaintiff's Written Objection, which he mailed after the objection deadline had passed,

was filed in this case. (Doc. ## 57, 57-1.) Despite the untimely filing, the Court accepted

the Written Objection and vacated its previous order on the Recommendation.

(Doc. # 62.) The Court now considers Plaintiff's Objection, and because Plaintiff objects

to the Recommendation in its entirety, the Court reviews the issues raised in Defendants' Motion to Dismiss de novo. Fed. R. Civ. P. 72(b)(3).

## I.     BACKGROUND

The Magistrate Judge's Recommendation provides an extensive recitation of the factual and procedural background of this case.  The Recommendation is incorporated herein by reference.  See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Accordingly, the factual background of this dispute will be reiterated only to the extent necessary to address Plaintiff's objections.

Plaintiff brings numerous causes of action in this case—all primarily stemming from his contention that various employees of the Colorado Department of Corrections (CDOC) have violated his constitutional right to practice Buddhism and eat a corresponding vegan diet. Plaintiff specifically asserts First, Eighth, and Fourteenth Amendment claims against Defendant Phipps for being served only rice and beans for several months; First Amendment claims against Defendants Crockett, Richard, and Offrelig and a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against Defendant Raemisch for being served "nutra loaf" patties; and a state discrimination claim pursuant to Colo. Rev. Stat. § 24–36–601(2)(a) against Defendants Raemisch, Crockett, Offrelig, Richard, and Phipps. Plaintiff asserts claims against all the defendants in their individual capacities and against Defendant Raemisch and the Canteen Review Committee in their official capacities. (*See id.* at 13, 20, 28, 34, 38.)

Defendants request dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's Complaint fails to allege sufficient facts to support those claims.

## II.     LEGAL PRINCIPLES

The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). A complaint will survive such a motion only if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a motion to dismiss, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). Nevertheless, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Normally, when considering a motion to dismiss, a court must disregard facts supported by documents other than the complaint unless the court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952

F.2d 1260, 1261 (10th Cir. 1991). However, a court may consider outside documents to which Plaintiff refers to in the complaint if they are central to the claims and the parties do not dispute their authenticity.[1] *Smith v. United* States, 561 F.3d 1090, 1098 (10th Cir. 2009); GFF *Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997).

Because Mr. Tucker is proceeding *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a d]efendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Indeed, "[i]t is [not] the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110; *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a [movants] complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or

---

[1] Plaintiff contends that his Complaint should not be dismissed before this Court considers the evidence in support of his contentions. He further argues that, because he was not permitted to supplement his Complaint with supporting documentation, this Court's order rejecting his allegations as insufficiently pled is "arbitrary" and without a "fair review of [his] documentation." (Doc. # 57 at 2.) The Court disagrees. This Court's function on a Rule 12(b)(6) motion is "not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Moreover, although the Court may consider documents referenced in the Complaint, the Court need not do so, particularly considering that Plaintiff does not explain what specific documents he wishes this Court to review, nor does he attach any evidentiary documents to his Complaint or instant Objection.

theories for the [movant] in the absence of any discussion of those issues."). Further, *pro se* litigants are still subject to the Federal Rules of Civil Procedure. *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001).

### III. ANALYSIS

#### A. EIGHTH AMENDMENT CLAIM – DEFENDANT PHIPPS

Freedom from cruel and unusual punishment is a clearly-established constitutional right pursuant to the Eighth Amendment. More specifically, the Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide [nutritionally] adequate food . . . ." *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "A substantial deprivation of food may be sufficiently serious to state a condition of confinement claim under the Eighth Amendment," *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir.2002), but only where the prison officials demonstrated "deliberate indifference," *Estelle v. Gamble*, 429 U.S. 97, 105; *Helling v. McKinney*, 509 U.S. 25, 35 (1993). A finding of deliberate indifference requires a showing that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Magistrate Judge Tafoya recommended dismissal of Plaintiff's Eighth Amendment claim, finding his Complaint "devoid of any allegations that Defendant Phipps knew of or disregarded an excessive risk to Plaintiff's health." (Doc. # 54 at 7.) The Court agrees. Although Plaintiff contends that he suffered gout, had pain and ankle swelling, and was declared a medical emergency by his physician, nothing in Plaintiff's Complaint indicates that Defendant Phipps knew, or was made aware of, any of these issues. In his Objection, Plaintiff argues that it was not his responsibility to communicate

his health concerns to Defendant Phipps, instead stating that "it would have been the responsibility of the attending physician to notify the kitchen supervisor that [Plaintiff] can no longer eat pinto beans and rice twice daily." (Doc. # 57 at 3.) Yet Plaintiff does not allege that the physician did so notify, and for Plaintiff to sue Defendant Phipps under the Eighth Amendment, Plaintiff must demonstrate that Defendant Phipps had some knowledge of Plaintiff's medical issues. Plaintiff has not so demonstrated and dismissal of his Eighth Amendment claim is therefore warranted.

## B. FIRST AMENDMENT AND RLUIPA CLAIMS – DEFENDANTS PHIPPS, CROCKETT, RICHARD, OFFRELIG, AND RAEMISCH

To allege a constitutional violation under the First Amendment, a prisoner-plaintiff must first show that a prison regulation "substantially burdened ... sincerely-held religious beliefs." *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007). A RLUIPA claim also requires a plaintiff to demonstrate that his religious exercise is subject to a substantial burden imposed by the government. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312 (10th Cir. 2010). "[A]t a minimum the substantial burden test requires . . . more than an inconvenience to one's religious practice." *Id.* at 1316. Illustrating the distinction between substantial burden and inconvenience, the Tenth Circuit has held (1) the flat denial of a particular diet was actionable but (2) "sporadic incidents" in which a prisoner's meal was rendered inedible . . . was not actionable, *id.* at 1319–21.

Magistrate Judge Tafoya recommended dismissal of Plaintiff's First Amendment and RLUIPA claims based on her finding that Plaintiff failed to adequately show that his religious practice was substantially burdened. (Doc. # 54 at 9.) The Court agrees. Plaintiff argues that the vegan food he is served by the CDOC—consisting of mainly

vegan patties, nutraloaf, rice, and beans—results in "gastrointestinal distress, vomiting, horable [sic] gass [sic], [and] diaria [sic]" and has caused him emergent medical issues, such as gout and acid build up. (Doc. # 8 at 7.) Plaintiff adds that he is given these "inedible" foods for lunch and dinner most days of the week and that he must "buy food from the canteen or go hungry." (*Id.*) At the same time, however, Plaintiff does not argue that the food is nutritionally inadequate, nor does he allege that the CDOC deprives him of vegan meals or pressures him to eat a non-vegan diet. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1315 (10th Cir. 2010) (upholding prisoner's argument that the prison's dietary policy placed a substantial burden on his religious practices because it either forced him to violate his religious practice or not eat). Plaintiff also does not contend that the vegan food he is served prevents him from practicing Buddhism. Indeed, Plaintiff concedes in his Complaint that he has been able to continue practicing his Buddhist faith "dispite [sic] all of these challenges" to his vegan diet. (*Id*. at 7.)

Plaintiff's allegations do not rise to the level of a "substantial burden" on his religious practices. Instead, the contentions in his Complaint, taken as true, reflect merely an inconvenience of variety, quality, and rotation of non-preferred items in a completely vegan meal.  These allegations are insufficient to survive Defendants' Rule 12(b)(6) request for dismissal of Plaintiff's First Amendment and RLUIPA claims.

## C. FOURTEENTH AMENDMENT CLAIM – DEFENDANT PHIPPS

"In the paradigmatic class-of-one case[2], a public official inflicts a . . . burden on one person without imposing it on those who are similarly situated in material respects, and does so without any conceivable basis other than a wholly illegitimate motive." *Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1209 (10th Cir. 2006). To proceed on such a claim, a plaintiff must demonstrate intentional unequal official action that was "objectively irrational and abusive." *Id*. at 1211. Plaintiff must also show that similarly situated persons in every material respect were treated differently—an "exceedingly difficult burden" in class-of-one cases. *Id*. at 1212–1; *see Jicarilla*, 440 F.3d at 1210. It is insufficient to allege that other offender(s) are in "comparable" or "similar" conditions. *See Kansas Penn Gaming, LLC v. Collins*, 656 F. 3d 1210, 1220 (10th Cir. 2011). Courts are to proceed "cautiously" in applying a class-of-one theory to an equal protection claim, and must be sensitive "against turning even quotidian exercises of government discretion into constitutional causes." *Id*. at 1209; *Ellibee v. Roberts*, No. 08-3189-SAC, 2010 WL 397620, at *1 (D. Kan. Jan. 27, 2010).

Magistrate Judge Tafoya concluded that Plaintiff's class-of-one claim should be dismissed because Plaintiff does not "allege any facts to suggest that Defendant Phipps' actions in providing him with a diet of rice and beans were 'irrational and

---

[2] The Court disagrees with Plaintiff that, because he is "part of the religious vegan diet community," this is not a class-of-one case. (Doc.# 57 at 6.) As Plaintiff also contends, he "was singled out as a (class of one) when [he] was alone fed pinto beans [and] rice, twice a day for over three months while no other religious vegan in the state was fed that specific diet . . . ." (*Id.*) A class-of-one analysis is clearly applicable here.

abusive' or carried out with any discriminatory animus. (Doc. # 54 at 11.) The Court

agrees.

After thoroughly reviewing Plaintiff's Complaint, the Court finds that it is devoid of

any allegations supporting that Defendant Phipps conduct—serving Plaintiff rice and

beans for three months—was objectively irrational and abusive. Nor does Plaintiff

adequately demonstrate that he was treated differently from others "who were similarly

situated in every material aspect." Plaintiff's Complaint only mentions one other

Buddhist inmate with a vegan diet: Charlie Wade. Plaintiff states:

> While housed at SCF there was a man named Charlie Wade
> who was also on the Buddhist vegan religious diet. I often
> compared my diet tray to his diet tray to find that he was
> receiving the regular vegan diet meal prescribed [sic] for that
> days meal, lunch and dinner, while I received pinto beans
> [and] steamed rice, which were not on the menue [sic] often
> times.

(Doc. # 8 at 19.) Other than posing the broad similarity between he and Mr. Wade—that

they are both Buddhist vegans—Plaintiff's Complaint contains no other allegations to

support that Mr. Wade was similarly situated to Plaintiff in every material respect. Nor is

it clear to this Court precisely how or for how long the two inmates were treated

differently. Plaintiff's conclusory allegation that their meals were "often" different without

any description of what food Mr. Wade was eating and how often his meals were

different will not suffice to support Plaintiff's Fourteenth Amendment claim against

Defendant Phipps. The Court therefore grants Defendants' request for dismissal of that

claim.[3]

---

[3] Defendants also raised the defense of qualified immunity and Magistrate Judge Tafoya found
in their favor on that issue. Although the Court agrees with Magistrate Judge Tafoya's

**D. STATE CLAIM**

Magistrate Judge Tafoya recommended dismissal of Plaintiff's state claim on the merits. Established Tenth Circuit precedent, however, indicates that "when all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.'" *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Because all federal claims in this case are dismissed, the Court need not, and should not, exercise supplemental jurisdiction over Plaintiff's state law claim, brought under 24-34-601(2)(a). The Court accordingly declines to do so.

## IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1.      The Report and Recommendation of United States Magistrate Judge Kathleen M. Tafoya (Doc. # 54) is ADOPTED IN PART and REJECTED IN PART;

2.      Plaintiff's Written Objection to the Recommendation (Doc. # 57) is OVERRULED;

3.      Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. # 19) is GRANTED.

---

conclusion, the Court need not address whether Defendants are entitled to qualified immunity because the Court has already concluded that Plaintiff's federal claims are subject to dismissal with prejudice on other grounds.

4.     Plaintiff's federal claims are DIMISSED WITH PREJUDICE.[4]

5.     Plaintiff's state law claim is DISMISSED WITHOUT PREJUDICE for

lack of jurisdiction.

Because there are no other claims, counterclaims, or Defendants remaining in

this case, the Court FURTHER ORDERS the case DISMISSED in its entirety.


DATED: September 5, 2018                    BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[4] A dismissal with prejudice of a complaint that fails to state a claim under Rule 12(b)(6) is appropriate only when "granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). The Court finds, considering the totality of circumstances, affording the Plaintiff an opportunity to amend the complaint again in an attempt to assert a plausible cause of action would be futile, particularly considering that the facts affirmatively alleged in Plaintiff's complaint often expressly contradict the validity of his claims.